# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 99-40636
### Summary Calendar

_____

**MARINA PATEL; HAGAI PATEL,**

**Plaintiffs-Appellants,**

**versus**

**PRIME FITNESS INC., Etc.; ET AL,**

**Defendants,**

**PRIME FITNESS INC., doing business as
Larry North Total Fitness, doing business as
Larry North Fitness Center,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CV-221)**

_____
### February 29, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Marina Patel, injured in January 1996 while using a leg-press machine at Prime Fitness, Inc., and Hagai Patel, her husband, contest the evidentiary rulings prohibiting them from introducing evidence of spoliation of documents, some of which were Marina Patel's "workout card", machine maintenance records, and an incident report; and allowing evidence of their alien status.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In May 1997, Prime Fitness closed and divested itself of its assets; that July, the Patels brought this negligence action. In February 1998, when they requested the documents at issue, Prime Fitness responded that they could *not* be located.

The Patels contend they were prohibited from introducing *any* evidence regarding the absence and/or existence of the records, hindering their ability to cross-examine and impeach Prime Fitness' witnesses; and that they should have been allowed to raise the inference that the records were unfavorable to Prime Fitness, because they had informed it of a potential claim two months after Marina Patel's injury, and Prime Fitness failed to preserve them. Evidentiary rulings are reviewed for abuse of discretion, we will *not* reverse unless a party's substantial rights are affected. *See, e.g.*, FED. R. EVID. 103; *Caparotta v. Entergy Corp.*, 168 F.3d 754, 755-56 (5th Cir. 1999).

Contrary to the Patels' assertion, the court ruled that they could ask questions at trial about the absence of the records. Its finding that the Patels had *not* produced sufficient evidence to warrant a spoliation instruction was *not* an abuse of discretion; and its prohibiting them from "referencing any allegations of spoliation against [Prime Fitness]", without first showing bad conduct on its part, was consistent with our case law. *See Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975) ("[t]he adverse inference to be drawn from destruction of records is predicated on bad conduct of the defendant").

For the other issue, the court denied the Patels' motion in limine to prohibit evidence regarding their alien status (Prime Fitness contends the evidence was relevant to Marina Patel's lost earning capacity claim).  But, because the Patels failed at trial to object to the introduction of this evidence (as trial strategy, they *introduced* evidence regarding their status), we review *only* for plain error.  *See, e.g.*, **United States v. Olano**, 507 U.S. 725, 736 (1993) (to warrant reversal, error must be clear, "affect[] substantial rights", and "'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'") (citation omitted); *see also* **Marceaux v. Conoco, Inc.**, 124 F.3d 730, 734 (5th Cir. 1997) ("'an overruled motion in limine does not preserve error on appeal'") (citation omitted).  The requisite prejudice is lacking.

*AFFIRMED*